On Motion to Dismiss.
The opinion of the Court was delivered by
Manning, C. J.
This appeal is'from a judgment of the Sixth District Court of New Orleans. The judgment was rendered on July 3d, 1878, the last day of the term. On the 9th of same month the appellant prayed a suspensive appeal, obtained an order therefor from Judge Tissot of the Second Court, who was sitting to grant orders for Judge Rightor of the Sixth Court, and filed his bond of appeal in accordance ■with that'order on the. same day. ' Judge Rightor was absent'from the State on the'9th of July. ' • ■■
The plaintiff moves to dismiss on the ground that neither the Judge of the Second Court, nor any other, could lawfully act in any other Court than his own, to grant orders, and therefore the act of Judge Tissot in granting an appeal from a judgment of the Sixth Court was null. He could not sit in the Sixth Court for any judicial purpose.
It has been customary for many years for the Judges of the New Orleans Courts to arrange among themselves for the transaction of business in their several courts during the vacation, other than the trial of causes, and it is now contended that this practice is without warrant of law. A great deal of routine business has been thus conducted, and it is important to know whether it has been legally done.
The question came up in St. Romes vs. Levee Steam Cotton Press, and it was held that in the absence of the Judge of one of the District Courts of New Orleans, another District Judge of the'same parish could grant an appeal from a judgment rendered by the absent Judge. Opinion Book 45, p. 329.
We are not disposed to overrule a decision, upon which the profession has since acted, and especially when it is in accordance with the practice which had obtained, and which was uniformly followed during many years anterior to its rendition. We will assume that the Judge of the Second Court was acting under the law of 1855, p. 317, Sec. 13i
It appears that out of abundant caution, the appellant procured an order of appeal from Judge Rightor of the Sixth Court, on August 21 st, after he had returned, and it is urged by the appellee that this could not operate as a suspensive appeal, the ten days having expired from the date of the judgment;
*486 The appellant had prayed an appeal, and filed his bond within the delay. If the Judge delayed signing the order, that should not prejudice the appellants’ rights. In Estopinal vs. Zunts, where an appellant had filed his petition and bond within the delay, but the Judge did not grant or sign the order until five days thereafter, and until the ten days had elapsed, it was held that he could not be made to suffer because the Judge did not sign the order of appeal at the time the petition and bond were presented to him. Ibid, p. 23.
The Act of 1839, now incorporated in the Code of Practice, (Art. 898) has greatly reduced the number and kind of causes for which appeals may be dismissed, and even before that, this Court said:
“ Accidents beyond the appellant’s control may prevent him from bringing up the record in due time. The clerk of the inferior court may die, may be disabled by sickness, or a great pressure of business may prevent him from making out the transcript, or he may neglect or wilfully omit doing it. Other events may cause a delay. In such case the transcript will be received, and no objection be allowed.” Kirkland vs. his Creditors, 8 New Series, 597.
A third ground of dismissal is the want of legal citations of appeal. The appellees were cited under the first order of appeal granted by Judge Tissot, and the plaintiff insists that that order being null, citations must have issued after Judge Rightor’s order before that appeal can have effect. At most thatwould be a neglect of the clerk, for which the appellant cannot be deprived of his right of appeal, but since we hold the appeal granted bythe Judge of the Second Court, sitting in the Sixth Court as Judge in lieu of the Judge of that Court, to be good, the citations under that order are sufficient.
If the appointment of another Receiver, viae Austin, deceased, upon Avhom citation of appeal was served, be invalid, we should not dismiss on that account, but remand for a proper party to be made.
The motion is denied.